UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER A. LOEFFLER,

Plaintiff,

vs.

BAC HOME LOANS SERVICING, L.P., and FANNIE MAE,

Defendants.
_____________________________/

Case No. 11-cv-13711

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. No. 9)**

Christopher A. Loeffler ("Plaintiff") filed the Complaint in this matter on August 3, 2011, in the 16th Circuit Court in Macomb County, Michigan. On August 25, 2011, BAC Home Loans Servicing, L.P. ("BAC"), and Fannie Mae ("Defendants") removed the case to this Court on the basis of diversity jurisdiction. (Dkt. No. 1.)

On November 11, 2011, Defendants filed a Motion to Dismiss. (Dkt. No. 9.) Plaintiff responded on December12, 2011.[1] (Dkt. No. 11.) Defendants filed a Reply on January 4, 2012. (Dkt. No. 13.) The Court held a hearing on February 8, 2012.

For the reasons stated below, the Court will grant Defendants' motion.

## I. BACKGROUND

The facts alleged in the Complaint are accepted as true for purposes of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Plaintiff's factual allegations are as follows.

[1]Plaintiff filed his Response twice: once on December 12, 2011, and again on December 14, 2011. (Dkt. Nos. 11, 12.)

Plaintiff executed a mortgage for $191,200 on November 25, 2006. The mortgage was made in favor of Capital Mortgage Funding, LLC, and was secured by property located at 40732 Gulliver in Sterling Heights, Michigan. Mortgage Electronic Registration Systems ("MERS"), acting as nominee for Capital Mortgage Funding, LLC, later assigned the mortgage to Defendant BAC.[2] Plaintiff also alleges that his mortgage and the note were split, and that his mortgage was securitized into a mortgage-pass-through trust.

Plaintiff alleges he suffered an economic hardship and sought a mortgage loan modification. After his first attempt to modify his mortgage loan was denied, Plaintiff alleges that a representative for Defendant BAC recommended that he stop paying his mortgage and apply for modification again after his first missed payment. Plaintiff alleges that he missed his next mortgage payment and applied again for a loan modification. Defendant BAC provided Plaintiff with a loan modification packet, which Plaintiff filled out and returned to Defendant BAC. Plaintiff alleges that while his loan modification packet was being processed, Defendant BAC proceeded to a foreclosure on his property. Defendant BAC foreclosed on Plaintiff's property and sold it at a sheriff's sale on September 3, 2010.

Plaintiff alleges that Defendants did not comply with Michigan's foreclosure laws, and that they lacked standing to foreclose on his property. Specifically, Plaintiff alleges the following counts: (1) violation of Michigan foreclosure laws; (2) breach of contract; (3) fraud/misrepresentation; (4) quiet title; (5) relief from sheriff sale and/or set aside foreclosure; and (6) declaratory and injunctive relief.

---

[2]The Complaint repeatedly misidentifies Defendant BAC as Bank of America, which is not a party in this case.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must view "all well-pleaded material allegations of the pleadings of the opposing party . . . as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted).

## III. ANALYSIS

### A. Plaintiff's Claims To Invalidate the Foreclosure Sale

Defendant first argues that Plaintiff lacks standing to challenge the foreclosure sale, because the redemption period has expired and all right, title and interest have vested in the buyer at the foreclosure sale. Michigan's foreclosure law provides:

> Unless the premises described in [a foreclosure sale] deed shall be redeemed within the time limit for such redemption . . . such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs and assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, . . . and the record thereof shall thereafter, for all purposes be deemed a valid record of said deed . . .

Mich. Comp. Laws § 600.3236.

Michigan courts have held that a plaintiff is barred from challenging a foreclosure sale after the right to redemption passes. *See Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942) (holding that "plaintiffs did not avail themselves of their right of redemption in the foreclosure proceedings and at the expiration of such right . . . all plaintiffs' rights in and to the property were extinguished."); *see also Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, *4 (E.D. Mich. 2011) (Cohn, J.) (holding that plaintiff lacked standing to challenge a foreclosure sale after the redemption period expired, and that "the filing of [the] lawsuit did not toll the redemption

period.").

Plaintiff argues that he has standing pursuant to Mich. Comp. Laws § 600.5801, which provides as follows:

> No person may bring or maintain any action for the recovery or possession of any lands or make any entry upon any lands unless . . . he commences the action or makes the entry within the periods of time prescribed by this section.
>
> (1) **Defendant claiming title under fiduciary's deed or court-ordered sale.** When the defendant claims title to the land in question by or through some deed made upon the sale of the premises . . . by a sheriff upon a mortgage foreclosure sale the period of limitation is 5 years.

(Bold in original.)

Plaintiff also argues that Michigan courts have recognized an exception to the general rule that all rights are extinguished after the redemption period. In *Manufacturers Hanover Mortgage Corp. v. Snell*, 142 Mich. App. 548 (1985), the Michigan Court of Appeals stated:

> The Supreme Court has long held that the mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding. *Reid v. Rylander*, 270 Mich. 263, 267 (1935); *Gage v. Sanborn*, 106 Mich. 269, 279 (1895). Otherwise, the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale. *Reid, supra*, 270 Mich. at 267. . . . The mortgagor may raise whatever defenses are available in a summary eviction proceeding.

*Id.* at 404.

However, even if Plaintiff has standing, his claim must fail because he has not alleged a sufficient irregularity to set aside the foreclosure sale. "Michigan courts have long held that statutory foreclosures should not be set aside without very good reason . . . ." *United States v.*

*Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997). Plaintiff must show "a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Id.*

Plaintiff alleges that the foreclosure sale "was ripe with fraud and irregularity." (Pl.'s Resp. 8.) Plaintiff claims that Defendant BAC committed fraud by telling Plaintiff he could not qualify for a loan modification until he missed a mortgage payment, and by claiming that it had the power to foreclose on Plaintiff's property. However, based on the assignment of Plaintiff's mortgage, Defendant BAC could reasonably have believed it had the authority to foreclose on Plaintiff's property.[3]

The Court finds that Plaintiff has failed to show "a strong case of fraud," or any particular exigency, that would warrant setting aside the foreclosure. *See Kubicki v. Mortgage Electronic Registration Systems*, 292 Mich. App. 287, *3 (2011) (holding that plaintiff "has failed to show the requisite strong case of fraud or irregularity, or some peculiar exigency, to overturn the foreclosure sale.") (citation omitted); *Harajli v. Washington Mut. Bank*, No. 09-14598, 2010 WL 2813281, *3 (E.D. Mich. Jul. 16, 2010) (Duggan, J.) (same).

Plaintiff also relies on *Residential Funding Co., LLC v. Saurman*, 292 Mich. App. 321, 807 N.W.2d 412 (2010), which held that MERS did not have the right to foreclose on real property if it did not have an interest in the note. *Id.* at 417. However, Plaintiff fails to mention that the Michigan Supreme Court negated this reasoning on appeal. *See Residential Funding Co., LLC v. Saurman*, 490 Mich. 909 (2011) (holding that "the ownership of legal title to a

---

[3]The assignment of Plaintiff's mortgage to Defendant BAC is attached to Defendants' Motion as Exhibit C. The Court will consider it on Defendants' Motion to Dismiss because it is a matter of public record and it is incorporated into the Complaint at ¶¶ 10 and 11. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).

security lien whose existence is wholly contingent on the satisfaction of the indebtedness . . . authorized MERS to foreclose by advertisement . . . ."). Plaintiff's argument based on the Michigan Court of Appeal's reasoning in *Saurman* is therefore unpersuasive.[4]

Accordingly, Plaintiff lacks standing to invalidate the foreclosure sale because the redemption period has expired. He has failed to allege any fraud or exigency that would warrant setting aside the foreclosure sale, and his claims to do so are dismissed.

**B. Breach of Contract Claim**

Plaintiff claims "[t]hat Defendant [BAC] agreed to provide Plaintiff with a loan modification application and agreed that if he qualified for relief under the federal making homes affordable loan modification program that he would be provided a loan modification." (Compl. ¶ 67.) Plaintiff further alleges that, because Defendant BAC participated in the Making Homes Affordable Loan Modification program, it "assumed a duty outside of the mortgage agreement to send out loan modification agreements and approve those individuals who qualified under the program." (Compl. ¶ 68, 69.) Plaintiff therefore appears to claim that Defendant BAC owed him a duty as an intended third-party beneficiary of Defendant BAC's agreement to participate in the Home Affordable Modification Program ("HAMP").

Under the federal HAMP program, enacted in October 2008, the Secretary of the Treasury "must *encourage* mortgage servicers to modify loans, [but] the statute does not *require* .

---

[4]The Michigan Supreme Court's reasoning also *sub silentio* reversed the Michigan Court of Appeals decision in *Bakri v. Mortgage Electronic Registration Systems*, No. 297962, 2011 WL 3476818 (Mich. App. Aug. 9, 2011), which relied on the reasoning of he court of appeals in *Saurman*. Plaintiff's arguments regarding *Bakri* – that Defendant BAC could not foreclose by advertisement absent a showing that it had ownership of the note or an interest in the indebtedness – are therefore unpersuasive.

. . mortgage servicers to modify loans." *Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741, 747-48 (E.D. Mich. 2010) (emphasis in original). Thus, even if Plaintiff is qualified for a loan modification, "there would be no duty imposed on Defendant for which Plaintiff could seek relief." *Id.* at 748. Further, even assuming Defendant BAC did have a duty to provide Plaintiff with a loan modification, HAMP "[does] not create a private right of action under which Plaintiff may seek relief." *Id.*; *see also Zendejas v. GMAC Wholesale Mortgage Corp.*, No. 1:10-CV-00184, 2010 WL 2490975, *3 (E.D. Cal. June 16, 2010) (holding that a party that benefits from a government contract "may not enforce the contract absent a clear intent to the contrary.").

Accordingly, Plaintiff's breach of contract claim is dismissed.

**C. Claims for Fraud and Misrepresentation**

Plaintiff alleges that Defendant BAC made a misrepresentation when its representative told him that, if Plaintiff missed a mortgage payment, he would be considered for a loan modification. Plaintiff also claims that Defendants misrepresented that they had authority and power to foreclose on his property.

Defendants argue that Plaintiff's claims are barred because Plaintiff has not identified a signed, written agreement stating that Plaintiff would receive a loan modification. Michigan's Statute of Frauds provides:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit

> a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws § 566.132(2).

"This language is unambiguous. It plainly states that a party is precluded from bringing a claim – no matter its label – against a financial institution to enforce the terms of an oral promise to waive a loan provision." *Crown Technology Park v. D&N Bank, NSB*, 242 Mich. App. 538, 550 (2000).

Plaintiff argues in his Response that the statute of frauds does not apply because the loan modification was not a "financial accommodation." Plaintiff asserts that a "financial accommodation" requires the financial institution to be exposed to a risk of loss, and that Defendants had no risk of loss in the instant case because they would be reimbursed by the United States government.

In *Schering-Plough Healthcare Products, Inc. v. NBD Bank, N.A.*, 98 F.3d 904 (6th Cir. 1996), the Sixth Circuit noted that "[t]he legislative history of Michigan's Statute of Frauds reflects that the statute was designed to protect financial institutions from suits . . . alleging oral promises of financial commitment that expose the financial institution to a risk of loss." *Id.* at 909. However, Courts in this District have repeatedly held that misrepresentation claims based on alleged promises to modify home mortgages are barred by the Michigan Statute of Frauds. *See Jarbo v. BAC Home Loan Servicing*, No. 10-12632, 2010 WL 5173825, *11 (E.D. Mich. Dec. 15, 2010) (unpublished) (Edmunds, J.); *Bingham v. Bank of America, N.A.*, No. 10-11917, 2010 WL 3633925, *2-3 (E.D. Mich. Sept. 14, 2010) (unpublished) (Cox, J.); *Ajami v. IndyMac*

*Mortg. Services*, No. 09-13488, 2009 WL 3874680, *2 (E.D. Mich. Nov. 13, 2009) (unpublished) (Cohn, J.). Further, even if the loan modification is not a "financial accommodation," the statute of frauds specifically includes promises to "modify . . . repayment or performance of a loan . . . ." Mich. Comp. Laws § 566.132(2)(b). Accordingly, Plaintiff's claims for misrepresentation and fraud are explicitly barred by Michigan's Statute of Frauds and will be dismissed.

**D. Claims for Quiet Title, Declaratory and Injunctive Relief**

Plaintiff seeks to set aside the sheriff sale and/or for the Court to declare that the title of the property is vested in Plaintiff. As discussed *supra* at Part A, Plaintiff cannot invalidate the foreclosure and sheriff's sale because the redemption period has expired and all right, title, and interest has vested in the purchaser at the sheriff's sale. Thus, Plaintiff's quiet title and declaratory/injunctive relief claims are denied.

**IV. CONCLUSION**

For the reasons stated above, the Court will:

(1) **GRANT** Defendants' Motion to Dismiss, and

(2) **DISMISS** the action **WITH PREJUDICE**.

**SO ORDERED**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 2-29-12